Barthelemy v Barthelemy
2026 NY Slip Op 02956
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bernier Barthelemy, appellant,
v
Daphny Barthelemy, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-09577, (Index No. 54829/15)
Helen Voutsinas, J.P.
Lillian Wan
Lourdes M. Ventura
Phillip Hom, JJ.

Tamoor Law P.C., New York, NY (Jan Mahmood Tamoor of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, NY, attorney for the children.

[*1]
DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated November 22, 2019, the plaintiff appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated July 12, 2024. The order, after a hearing, granted the defendant's motion to modify the custody provisions of the parties' judgment of divorce, which incorporated but did not merge a stipulation of settlement dated July 11, 2019, so as to award her sole legal and residential custody of the subject children, with certain parental access to the plaintiff, and to permit her to relocate with the subject children to Florida.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were divorced by judgment dated November 22, 2019, have two children together. Pursuant to the judgment of divorce, which incorporated but did not merge a stipulation of settlement dated July 11, 2019, the parties shared joint legal custody of the children, the plaintiff was awarded sole residential custody of the children, and the defendant was awarded certain parental access. In 2023, the defendant moved to modify the custody provisions of the judgment of divorce so as to award her sole legal and residential custody of the children, and to permit her to relocate with the children to Florida, where she had purchased a home with her new husband. After a hearing, in an order dated July 12, 2024, the Supreme Court granted the defendant's motion, awarded her sole legal and residential custody of the children, permitted her to relocate with the children to Florida, and awarded the plaintiff certain parental access. The plaintiff appeals.
"A request to relocate a child constitutes a change in circumstances, requiring the parent seeking to move to demonstrate that relocating the child is in the child's best interests" (Matter of Kates v Simpson, 180 AD3d 1043, 1044; see Matter of Fortune v Jasmin, 232 AD3d 601, 602). Here, there was a sound and substantial basis for the Supreme Court's determination that changed circumstances justified awarding the defendant sole legal and residential custody of the children and permitting the defendant to relocate with the children to Florida, and that such modification of the judgment of divorce was in the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Shu Jiao Zhao v Wei Rong, 183 AD3d 895, 896-897; Matter of Rabinowich v Rabinowich, 178 AD3d 1052, 1053).
The plaintiff's remaining contentions are without merit.
VOUTSINAS, J.P., WAN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court